UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REGIONS EQUIPMENT FINANCE CORP.,    )
                                    )
            Plaintiff,              )
                                    )
        vs.                         )        Case No. 4:16-CV-140-CEJ
                                    )
BLUE TEE CORP.,                     )
                                    )
            Defendant.              )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dissolve a writ of attachment.

On January 27, 2016, plaintiff Regions Equipment Finance Corporation initiated this action against defendant Blue Tee Corporation in the Circuit Court of St. Louis County, Missouri. In Count I plaintiff asserted a claim of breach of contract in connection with defendant's default under the terms of an equipment lease. In Count II, plaintiff sought a writ of attachment. On the same date, plaintiff filed a motion for a pre-judgment writ of attachment, pursuant to Mo. Rev. Stat. § 521.010(2) and Mo. Sup. Ct. R. 85, directed to monies held the defendant's account at Bank of America, N.A. In support of the motion, plaintiff submitted the affidavit of its authorized agent, Robert Korte, attesting to the defendant's default and the amount owed to plaintiff.

The circuit court granted the motion, and the writ was served on the Bank of America branch located in Clayton, Missouri. Defendant had opened its account at what is now one of Bank of America's branch locations in Illinois. Defendant concedes that it accesses the funds in the account from its headquarters in New York, and it does not deny that it can access the funds at any Bank of America branch in

Missouri or elsewhere.   In compliance with the writ of attachment, Bank of America froze the funds in the defendant's account, totaling $2,203,732.84.

On February 3, 2016, defendant removed the action to this Court, invoking jurisdiction based on diversity of citizenship.   *See* 28 U.S.C. § 1332(a).   Defendant now moves to dissolve the attachment, pursuant to Mo. Sup. Ct. R. 85.14, and a hearing on the motion was held on February 18, 2016, pursuant to Mo. Sup. Ct. R. 85.13.

### Legal Standard

Rule 64(a) of the Federal Rules of Civil Procedure provides: "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."   In turn, Rule 85.02 of the Missouri Supreme Court Rules permits "a party who presents" in "a civil action" a "claim by petition" to "obtain a writ of attachment."   *See State ex rel. Costco Wholesale Corp. v. Hartenbach*, 267 S.W.3d 725, 727–28 (Mo. Ct. App. 2008) (applying Mo. Sup. Ct. R. 85.02 and commanding a lower court issue a writ of attachment against a non-Missouri corporation, pursuant to Mo. Rev. Stat. § 521.010(2)).   A plaintiff seeking a writ of attachment must file a "sufficient bond," as it is conceded plaintiff did here.   Mo. Sup. Ct. R. 85.08; *see* Mo. Rev. Stat. § 521.070 (same).   A plaintiff requesting a writ of attachment must also file an affidavit stating "the nature and amount of the claim" and "[f]acts showing the existence of one or more of the grounds for attachment set forth in" Mo. Rev. Stat. § 521.010.   Mo. Sup. Ct. R. 85.03; *see* Mo. Rev. Stat. 521.060 (same).   As applicable to defendant, a New York corporation, Mo. Rev. Stat. § 521.010(2)

establishes grounds for attachment "[w]here the defendant is a corporation[] whose chief office or place of business is out of this state."

A defendant whose property is attached has two methods of recourse. First, the defendant "may retain or regain the possession" of the property "at any time before final judgment" by providing adequate "bond and security." Mo. Rev. Stat. § 521.260; *see* Mo. Rev. Stat. 521.480(2)–(3) (describing the nature of an adequate bond); Mo. Sup. Ct. R. 85.09. Defendant has not elected to post a bond to regain control of the attached funds.

Second, a defendant deprived of its property by attachment may initiate proceedings seeking to dissolve the writ of attachment, pursuant to Mo. Sup. Ct. R. 85.14. That Rule provides that an attachment "may be dissolved on motion made by the owner of the property at any time before final judgment," and further provides that the plaintiff bears "the burden of proving that the attachment was properly granted." Mo. Sup. Ct. R. 85.14(a)–(b); *see* Mo. Rev. Stat. § 521.420.1 (same). Rule 85.14(c) in turn commands that an "attachment shall be dissolved at any time before final judgment when" a defendant so requests and, as relevant here, a court finds either "[t]he affidavit is insufficient and the claimant fails to file a sufficient affidavit, approved by the court, within such time as the court directs;" or that "[f]or any other reason the writ of attachment should not have been issued. Mo. Sup. Ct. R. 85.14(c)(2), (4).

Where, commensurate with Rule 85.14(c)(2), a defendant files "a motion to dissolve [an] attachment" "putting in issue the truth of the facts alleged in the affidavit on which the attachment was sued out" that motion must be "verified by affidavit." Mo. Rev. Stat. § 521.410. Here, defendant challenges the Korte affidavit supporting the attachment, but defendant has not filed an affidavit supporting its

3

motion to dissolve. Thus, the only question for purposes of Rule 85.14(c)(2) is whether Korte's affidavit is "insufficient" on its face. *See* Mo. Rev. Stat. § 521.480(1). However, even where a court finds an affidavit in support of a writ of attachment is insufficient, the attachment must not be dissolved "if the plaintiff shall file a good and sufficient affidavit, to be approved by the court, in such time and manner as the court shall direct." *Id.*

## Discussion

Defendant advances five grounds for dissolving the writ of attachment. First, defendant argues it is not subject to personal jurisdiction in Missouri, which necessitates dismissal of the case, and thus dissolution of the writ. As explained at the hearing, the Court will reserve ruling on the issue of personal jurisdiction pending full briefing.

Second, defendant contends that the complaint either fails to state a claim in its entirety or fails to state a claim for the full $2.2 million in the frozen account. *See* Fed. R. Civ. P. 12(b)(6). Applying the Missouri attachment procedures at issue here, the Eighth Circuit has held that, "[t]he affiant must simply have good reason to believe in the existence of one or more grounds for attachment." *Enterprise Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747–48 (8th Cir. 1996) (citing Mo. Rev. Stat. § 521.060). "The affiant need not be ultimately correct in his belief." *Id.* (citing *Elliott v. McCormick*, 19 S.W.2d 654, 659–60 (Mo. 1929)). Consequently, whether the complaint fails to state a claim for some or all of the relief plaintiff requests is not an "other reason" to dissolve the writ immediately. *See* Mo. Sup. Ct. R. 85.14(c)(4). Defendant cites no support holding to the contrary, and the Court has found none.

Also, defendant's disagreement with the factual allegations in the complaint and in Korte's affidavit does not justify dissolving the attachment. *See* Mo. Sup. Ct.

4

R. 85.14(c)(2).   Korte attests that there were multiple events of default that gave rise to the claimed damages of $2,203,732.84, with additional liability continuing to accrue for attorney's fees, costs, and interest.   *See* Mo. Rev. Stat. § 521.060; Mo. Sup. Ct. R. 85.03.   In opposition to the motion to dissolve plaintiff has submitted the affidavit of Daniel Devries, who attests to the schedules, supplements and other documents on which the calculation of the plaintiff's damages is based and further supports the attachment.   Although it had the option to do so, *see* Mo. Rev. Stat. § 521.410, defendant has not proffered an affidavit to counter the affidavits submitted by plaintiff or the factual allegations of the complaint.   Plaintiff's evidence supporting the writ thus stands uncontroverted.

Third, defendant contends that Rule 85.14(c)(4) requires that the attachment be dissolved because no court in Missouri has the power to attach defendant's fungible, intangible assets held at Bank of America.   "Because Missouri law governs this diversity suit," the Court is "bound by the decisions of the Supreme Court of Missouri."   *Gray v. FedEx Ground Package Sys., Inc.*, 799 F.3d 995, 999 (8th Cir. 2015) (quotation marks and citation omitted).   "If that court has not addressed an issue of state law," the Court must "predict how it would rule, and [must] follow decisions from the intermediate state courts when they are the best evidence of Missouri law."   *Id.* (quotation marks and citation omitted).   Neither party was able to cite a case—and the Court has found none—in which the Missouri courts have addressed whether an attachment in Missouri will lie as to funds held in an account at a national bank that are available to the accountholder at one of the bank's branches in Missouri.

Persuasive authority leads the Court to "predict that the Missouri Supreme Court would find that," *W. Heritage Ins. Co. v. Asphalt Wizards*, 795 F.3d 832, 837

(8th Cir. 2015), funds held in a bank account concededly available and (for all intents and purposes, therefore) "present" at a bank's branch in Missouri are subject to attachment in this State.

The closest Missouri courts have come to addressing this issue appears to be in *Strande v. Mershon*, 814 S.W.2d 704 (Mo. Ct. App. 1991). In *Strande*, the Missouri Court of Appeals held that "wages owed to" a Kansan defendant, who was employed in Kansas, and whose "wages are paid there" "had no situs" and were therefore subject to garnishment in Missouri in satisfaction of the Kansan's debt to a Missouri plaintiff. *Id.* at 705. Though wages owed but not yet paid are not precisely analogous to funds purportedly based in Illinois and New York but electronically available everywhere, *Strande* suggests Missouri's courts take an expansive view of where intangible assets are located. *See also See State ex rel. Fielder v. Kirkwood*, 138 S.W.2d 1009, 1011 (Mo. 1940) (explaining "laws relating to attachments" "necessarily assume that the property has a situs distinct from the owner's domicile, that it "is well settled that a debt may be attached wherever the creditor might maintain a suit to recover it," and that "it is settled that in this state one non-resident may sue another by attachment"). That expansive view is consistent with predicting that the Missouri Supreme Court would find that defendant's funds that are available in Missouri are subject to attachment here. *See also Friedman v. Fid. Brokerage Servs., Inc.*, 56 F.3d 866, 866 (8th Cir. 1995) (affirming a district court's order that a plaintiff could not "recover funds" the defendant "had turned over to the State of New York according to a tax levy," and finding the plaintiff's "jurisdictional arguments [were] misplaced," where the plaintiff had argued the defendant "should not have honored the levy because the funds it turned over were located in a Massachusetts account and 'not within the jurisdiction of the State of New York'").

6

Further, it is noteworthy that Bank of America has made no claim that the defendant's account is not located in Missouri and is thus not subject to attachment here. Instead, the bank has complied with the writ with the effect being that defendant cannot access the money in its account, whether at the Illinois branch where the account was opened, the New York branch where defendant is located, or any other Bank of America location. *See Wry v. Wade*, 814 S.W.2d 655, 658–59 (Mo. Ct. App. 1991) (holding that a garnishee-corporation "with a registered agent for service in Missouri" and which had "access and authority to pay over the [plaintiffs'] funds" created a sufficient nexus between Missouri and the intangible debt, such that the funds in question were located "in this state and subject to in rem jurisdiction"). The concerns defendant cites predate modern computerized banking and do not square with the facts here, where Bank of America was able to seamlessly freeze defendant's intangible assets everywhere immediately after it was served with the writ at its Missouri branch. *See Acme Contracting, Ltd. v. Toltest, Inc.*, No. 07-10950, 2008 WL 4534175, at *5 (E.D. Mich. Oct. 3, 2008) (holding the "separate entity rule" is "obsolete" policy because today, "banks use highspeed computers with central indexing capabilities to keep track of accounts which, along with other sophisticated communications equipment, enable a bank with multiple branches to easily monitor checking accounts from the main branch," and the defendant's "right to draw on its account at any of the numerous [bank] branches located in" the state was dispositive of whether the intangible funds were located there); *see also Marisco, Ltd. v. Am. Samoa Gov't*, 889 F. Supp. 2d 1244, 1250 (D. Haw. 2012) (predicting Hawaii also would not apply the separate entity rule). The Court predicts that the Missouri Supreme Court, when faced with the fact that Bank of America is not contesting the

attachment and that it froze defendant's account without delay or difficulty from its Missouri branch, would not apply the separate entity rule here.

Though defendant cites some support for the proposition that the separate entity rule continues to apply, recent decisions from the Second Circuit and the New York Court of Appeals recapitulating the rule have pointed out that it has "no apparent mooring in the text" of New York law and have instead upheld it based on "policy consideration[s]" of "international banking" irrelevant here. *See Tire Eng'g & Distribution L.L.C. v. Bank of China Ltd.*, 740 F.3d 108, 115 (2d Cir.) *certified question accepted*, 5 N.E.3d 590 (2014) and *certified question withdrawn*, 7 N.E.3d 506 (2014) and *certified question answered sub nom. Motorola Credit Corp. v. Standard Chartered Bank*, 21 N.E.3d 223 (2014) (citing *Det Bergenske Dampskibsselskab v. Sabre Shipping Corp.*, 341 F.2d 50, 53 (2d Cir. 1965)).   Finally, defendant's concession that its purportedly Illinois-sitused account is available at its headquarters in New York—which is not where Bank of America is headquartered—establishes that the account is available in every domestic state Bank of America has a branch.   For those reasons, the Court predicts the Missouri Supreme Court would hold attaching the account in Missouri was consistent with Missouri law.

Fourth, defendant argues that the attachment should be dissolved because plaintiff is not presently registered to do business in Missouri.   Plaintiff concedes that its registration has lapsed.   Under Missouri law, "[a] foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority."   Mo. Rev. Stat. § 351.574.1.   The statute further provides that a court "may stay a proceeding commenced by a foreign corporation . . . until the foreign corporation or its successor obtains the certificate."   Mo. Rev. Stat. § 351.574.3; *see State ex rel. Carlund Corp.*

8

*v. Mauer*, 850 S.W.2d 357, 359–61 (Mo. Ct. App. 1993) (holding Mo. Rev. Stat § 351.574.3 "authorizes the court to stay the proceedings until the foreign corporation complies with the law").

Plaintiff is presently undertaking to renew its registration, and the Court finds it is appropriate to temporarily stay the proceedings to permit plaintiff to complete that process. Defendant will not be prejudiced by the Court issuing a brief stay because none of the other grounds it has asserted for dissolving the attachment are availing.

Finally, no "other reason" raised by defendant exists to dissolve the attachment, because defendant has a method by which to regain control of its funds. *See* Mo. Sup. Ct. R. 85.14(c)(4). To reestablish control over its funds, defendant need only post a sufficient bond. Mo. Rev. Stat. § 521.260; *see* Mo. Sup. Ct. R. 85.09. Defendant's ability to regain access to its funds vitiates its argument that it will suffer irreparably if the Court refuses to prematurely rule on personal jurisdiction.

**\*\*\*\***

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's alternative motion to dissolve the attachment is **denied**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **March 3, 2016**, to file with the Clerk of Court proof that it is registered to do business in the State of Missouri.

**IT IS FURTHER ORDERED** that this action is **stayed** until **March 3, 2016**, pursuant to Fed. R. Civ. P. 64(a) and Mo. Rev. Stat. § 351.574.3. If plaintiff fails to file proof that it is registered to do business in the State of Missouri by that date, the

stay shall terminate automatically and the Court will enter an order dissolving the writ of attachment without further notice to the parties.


_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2016.