UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGIONS EQUIPMENT FINANCE CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-CV-140-CEJ |
| ) | |
| BLUE TEE CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to strike defendant's jury trial demand. Defendant has responded, and the issues are fully briefed.

### I. Background

On January 27, 2016, plaintiff Regions Equipment Finance Corporation initiated this action against defendant Blue Tee Corporation for breach of contract in connection with defendant's alleged default of an equipment lease. In its answer to the complaint, defendant demanded a jury trial. The instant motion to strike that demand was filed on April 4, 2016. On April 11, 2016, a scheduling conference was held. During that conference, the Court explained it would set the matter for a jury trial until the motion was ready for disposition, and would amend the case management order to set the matter for a bench trial if it found that defendant waived its right to a jury trial.

On May 19, 2010, defendant entered into a master lease with Wells Fargo Equipment Finance, Inc. (Wells Fargo). [Doc. #4-1] Defendant and Wells Fargo also entered into two supplements to the master lease. On May 21, 2010, *inter alia*, Wells Fargo sold and assigned its interest in the master lease to plaintiff. Defendant is alleged to have committed several "events of default" under the terms of the master lease, giving rise to this lawsuit.

## II. Legal Standard

"Whether a party has a right to trial by jury is a question of law" for the courts. *United States v. STABL, Inc.*, 800 F.3d 476, 490 (8th Cir. 2015) (quotation marks and citation omitted). The Seventh Amendment provides, in pertinent part, that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. "Because the Seventh Amendment applies only to '[s]uits at common law,' not every cause of action implicates this right." *Smith Flooring, Inc. v. Pa. Lumbermens Mut. Ins. Co.*, 713 F.3d 933, 936–37 (8th Cir. 2013) (quoting U.S. Const. amend. VII). A party's "right to a jury trial in the federal courts is to be determined on the basis of federal law in diversity as well as in other actions." *Klein v. Shell Oil Co.*, 386 F.2d 659, 662 (8th Cir. 1967) (citing *Simler v. Conner*, 372 U.S. 221, 222 (1963)).

"The constitutional right to a jury trial must be preserved when the litigation involves legal and equitable claims with common issues." *Smith Flooring*, 713 F.3d at 937 (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472–73 (1962), and *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–11 (1959)). "The normal practice is to try both claims to a jury. In this way, the jury's verdict will conclusively settle these common issues, and only issues peculiar to the equitable claim will be left to be decided by the judge." *Id.* (quotation marks and citation omitted). "[S]uits for damages for breach of contract . . . were suits at common law with the issues of the making of the contract and its breach to be decided by a jury . . . ." *Id.* at 936–37 (quoting *Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 459 (1977)).

"Although the jury-trial right can be waived, the right is fundamental," and courts must "indulge every reasonable presumption against its waiver." *Bank of*

*Am., N.A. v. JB Hanna, LLC*, 766 F.3d 841, 849 (8th Cir. 2014) (quotation marks, citation, and bracketing omitted). However, "[a]greements waiving the right to trial by jury are neither illegal nor contrary to public policy." *Popular Leasing USA, Inc. v. Austin Auto. Warehouse Corp.*, No. 4:04-CV-1619-TCM, 2005 WL 1798088, at *1 (E.D. Mo. July 27, 2005) (quotation marks and citation omitted). "A demand for a jury trial may be waived by either a written *or* oral stipulation." *Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000).

Consequently, a party may waive its right to a jury trial under the terms of a contract. *See JB Hanna*, 766 F.3d at 849; *Coop. Fin. Ass'n, Inc. v. Garst*, 871 F. Supp. 1168, 1171 (N.D. Iowa 1995) (citing *Nw. Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 373 F.2d 136, 142 (8th Cir. 1967), and collecting cases). "For a waiver to be effective, the party waiving the right must do so 'voluntarily' and 'knowingly' based on the facts of the case." *Garst*, 871 F. Supp. at 1171 (citing *Brookhart v. Janis*, 384 U.S. 1, 4 (1966), which held, "for a waiver to be effective it must be clearly established that there was an intentional relinquishment or abandonment of a known right or privilege"). "While the Eighth Circuit has not explicitly ruled which party bears the burden of proving whether the jury waiver was made knowingly and voluntarily, courts within the circuit have generally held that the party attempting to enforce the waiver has the burden of proving the waiver is knowing and voluntary." *Cty. 20 Storage & Transfer Inc. v. Wells Fargo Bank, NA*, No. 3:09-CV-104, 2011 WL 826349, at *10 (D.N.D. Mar. 3, 2011) (quotation marks and citations omitted). The Court thus assumes that plaintiff bears the burden of proving that defendant's purported jury trial waiver is enforceable in this case.

Though no Eighth Circuit authority sets out the elements necessary to make such a determination, courts in this circuit "have considered a number of factors to

determine whether a contractual waiver of the right to a jury was knowing and voluntary." *Garst*, 871 F. Supp. at 1172. The following non-exhaustive considerations bear on this analysis: (1) "whether the waiver provision is on a standardized form agreement" or in a "newly-drafted document," (2) whether it is "in fine print or in large or bold print," (3) whether it is "set off in a paragraph of its own," (4) whether the provision is "in a take-it-or-leave-it" or in a "negotiated contract," and (5) the conspicuousness of the waiver compared to "the length of the contract." *Id.* (citations omitted). Courts have also considered the following: (6) "whether the waiving party was represented by counsel," (7) "whether the waiving party was a sophisticated business person aware of the consequences of the waiver," (8) "whether the parties were manifestly unequal in bargaining power," and (9) "whether there was an opportunity to review all of the terms of the contract and whether the waiving party did so." *Id.* (citations omitted); *see Ihlenfeldt v. Ocwen Loan Servicing, LLC*, No. C15-2060, 2015 WL 9855874, at *2 (N.D. Iowa Nov. 4, 2015) (applying these factors); *R & R Packaging, Inc. v. J.C. Penney Corp.*, No. 5:12-CV-05215, 2013 WL 3776330, at *2–3 (W.D. Ark. July 17, 2013) (same); *Cty. 20 Storage & Transfer*, 2011 WL 826349, at *10 (same); *Westgate GV at the Woods, LLC v. Dickson*, No. 10-03269-CV-S-DGK, 2010 WL 4721245, at *2 (W.D. Mo. Nov. 15, 2010) (same); *Dunning v. Bush*, No. 3:05-CV-00050-JAJ, 2009 WL 77461, at *2 (S.D. Iowa Jan. 12, 2009) (same); *Popular Leasing USA*, 2005 WL 1798088, at *1 (same).

### III. Discussion

The Court has reviewed the master lease and finds that plaintiff has met its burden to prove that defendant explicitly waived its right to a jury trial as to all of the claims in this case. Contrary to defendant's argument, it is not premature to decide this issue—the master lease to which defendant is a party provides sufficient factual

4

information to answer the inquiry.  *See Popular Leasing USA, Inc. v. Turner Const. Co.*, No. 4:05-CV-248-CEJ, 2005 WL 2874741, at *1–3 (E.D. Mo. Oct. 31, 2005) (holding a defendant waived its right to a jury trial by contract and striking its jury trial demand based on the contract terms and without affidavits).[1]

By its terms, the master lease is governed by Minnesota law.  *See id.*  In that state, a party is presumed to have read and know the contents of any contract it signs. *See Alotech, Ltd. v. N. Star Imaging, Inc.*, No. CV 14-3414 (RHK/TNL), 2016 WL 1122024, at *8 (D. Minn. Mar. 22, 2016) (citation omitted); *Popular Leasing USA*, 2005 WL 2874741, at *2 (citation omitted).

The penultimate sentence of the final paragraph of the master lease is a conspicuous, capitalized waiver of the lessee's—*i.e.*, the defendant's—right to a jury trial, which reads:

> LESSEE HEREBY WAIVES ANY RIGHT TO A JURY TRIAL WITH RESPECT TO ANY MATTER ARISING UNDER OR IN CONNECTION WITH THIS LEASE.

[Doc. #4-1 at 5]  Defendant offers only speculation and conjecture that it may not have been aware of or agreed to the jury trial waiver.  Any reasonably sophisticated party that read and signed the master lease containing that provision would understand that it was agreeing to waive its right to a jury trial.

Indeed, defendant is a corporation that at one time had multiple divisions in several states.  It does not dispute that it entered into the master lease [Doc. #14-1], a multi-million dollar contract to finance the lease of farming and other equipment from Wells Fargo.  That decision demonstrates both defendant's sophistication and the parties' equal bargaining power.  Defendant has offered no

---

[1] Defendant's allegation that plaintiff breached also does not affect the waiver issue.  *See id.* (enforcing a jury trial waiver against a defendant in a breach of contract action despite the defendant's counterclaim that plaintiff also breached).

evidence to suggest that it did not have counsel when it negotiated and signed the master lease, or, even if it did not, that it was denied the opportunity to read the master lease before signing it. Defendant subsequently entered into two supplements to the master lease, which only further confirms that it had the opportunity to negotiate and alter the contract terms. For those reasons, the Court finds that defendant unequivocally agreed to waive its right to a jury trial as to all of the claims in this case. *See Garst*, 871 F. Supp. at 1172.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike defendant's jury trial demand [Doc. #32] is **granted**.

**IT IS FURTHER ORDERED** that the case management order [Doc. #36] is amended as follows:

> This action is set for a **NON-JURY** trial on **Monday**, **June 19, 2017**, at **9:00 a.m.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of May, 2016.